IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:22-CV-00519-M

RICHARD POLIDI,

    Plaintiff,

v.

BOENTE et al.,

    Defendants.

ORDER

This matter comes before the court on Plaintiff's motion to stay proceedings [DE 49]. Plaintiff contends that an indefinite stay is warranted so that the court may "address[] the issue of ongoing inequitable conduct by Defendants," particularly their failure to turn over certain "[c]orrespondence between [P]laintiff's former attorney and the North Carolina State bar . . . prior to [P]laintiff's surrender of his North Carolina law license." DE 49 at 1. For several reasons, this contention falls short in demonstrating "a clear case of hardship or inequity" if Plaintiff were "required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Specifically:

1) All discovery in this case is currently stayed, *see* DE 58,[1] and Plaintiff has not objected to that order, *see* Fed. R. Civ. P. 72(a); therefore, Plaintiff is not entitled to discovery at this time. Because Plaintiff can show no present entitlement to discovery, he cannot demonstrate that Defendants' apparent failure to turn over certain correspondence would work any injustice to him that warrants a stay of proceedings. *See Buzzell v. JP*

---

[1] Although the order granting Defendants' motion to stay discovery was entered after Plaintiff filed his motion to stay these proceedings, while Defendants' motion was pending Plaintiff repeatedly represented that he would not seek "any discovery" while Defendants' motion was pending. *E.g.*, DE 35 at 2. Despite that representation to the court, Plaintiff notes in his motion to stay that he made "a request for documents . . . under the United States Privacy Act." DE 49 at 2.

*Morgan Chase Bank*, No. 3:13-CV-668, 2015 WL 5254768, at *2 (E.D. Va. Sept. 9, 2015) (noting that court must consider "hardship and equity to the moving party if the action is not stayed"), *aff'd*, 642 F. App'x 267 (4th Cir. 2016*)*;

2) An indefinite stay, which Plaintiff requests, "takes no account whatever of the [Defendants'] interest in" resolving this matter. *Clinton v. Jones*, 520 U.S. 681, 707 (1997) (finding that stay of trial until after President of the United States left office was abuse of discretion); *accord Landis*, 299 U.S. at 256 (court abuses its discretion if stay is "not kept within the bounds of moderation"); and

3) To the extent Plaintiff suggests that his ability to meaningfully respond to Defendants' motion to dismiss requires possession and consultation of certain correspondence related to other proceedings that significantly predate this action, *see* DE 49 at 1, that position is undermined by (a) Plaintiff's monthslong history of requesting extensions of time to respond to the motion to dismiss without ever raising the now-requested correspondence as good cause for such an extension, *see, e.g.*, DE 17; DE 24; DE 35; DE 36; DE 39; DE 41, and (b) his decision to respond to the motion to dismiss prior to filing his motion to stay, *see* DE 47.

For these reasons, Plaintiff's motion to stay is DENIED.

SO ORDERED this 15th day of February, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE